**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JASON MITCHELL, | : | **HON. JEROME B. SIMANDLE** |
|  | : |  |
| Petitioner, | : | Civil No. 09-6415 (JBS) |
|  | : |  |
| v. | : |  |
|  | : |  |
| PAUL SCHULTZ, | : | **OPINION** |
|  | : |  |
| Respondent. | : |  |
|  | : |  |

**APPEARANCES:**

>       JASON MITCHELL, #57503-054
>       F.C.I. Pollock
>       P.O. Box 4050
>       Pollock, LA  71467
>       Petitioner Pro Se
>
>       PAUL J. FISHMAN, UNITED STATES ATTORNEY
>       By:  PAUL A. BLAINE, ASSISTANT U.S. ATTORNEY
>       P.O. Box 2089
>       Camden, NJ  08101

**SIMANDLE, District Judge**

Jason Mitchell, an inmate currently confined at FCI Pollock in Louisiana, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") failure to give him prior custody credit.[1]  Respondents filed an answer and Petitioner filed a Reply and Supplemental Reply.  In response to Petitioner's submissions, Respondents recalculated Petitioner's projected release date by awarding him prior custody

---

[1] Petitioner was incarcerated at FCI Fairton in New Jersey when he filed the Petition.

credit of 1009 days.  Because Respondents have given Petitioner the relief that he would have received if this Court had granted a writ of habeas corpus, this Court will dismiss the Petition as moot.

## I.  BACKGROUND

Petitioner challenges the calculation of his federal term of imprisonment by the BOP.  He contends that the BOP violated 18 U.S.C. § 3585(b) by failing to give him credit for the time he served in New York custody prior to imposition of his federal sentence on May 16, 2007, which was not credited to either of his New York sentences.  Specifically, Petitioner seeks prior custody credit  from November 10, 2003 (date of arrest), through May 15, 2007 (day before imposition of federal sentence), less the nine months credited to Petitioner's two New York sentences (three-month sentence plus six-month sentence).  Petitioner calculates his prior custody credit as follows:  "From 10 November 2003 to 16 May 2007 equals twelve hundred and eighty two days (1282 days).  Twelve hundred and eighty two (1282) days minus the two hundred and seventy (270) days credited towards the two State of New York Sentences equals one thousand twelve (1012) days.  Thus, there are a total of one thousand twelve (1012) days that were not credited towards any other sentence."  (Docket Entry No. 13, pp. 2-3.)

In response to Petitioner's Reply, BOP recalculated Petitioner's sentence to give him 1009 days of prior custody credit, calculated as follows.  Since Petitioner's two New York sentences were three months of incarceration and six months of incarceration, the BOP calculated the nine-month period from Petitioner's arrest on November 10, 2003, until August 9, 2004, as counting toward Petitioner's New York sentences.  The BOP awarded Petitioner 1009 days of prior custody credit from August 10, 2004, through May 15, 2007 (day before imposition of 110-month federal sentence).

This Court notes that there is a three-day difference between Petitioner's calculation and the BOP's calculation.  This difference lies in the fact that Petitioner used the period of 270 days as his New York sentences and Respondents used the period of nine months.  According to the documents submitted by Petitioner, under New York law, the sentence for Petitioner's Class B misdemeanor of 3d degree attempted assault was "three months" (Docket Entry #13, p. 20), and the sentence for his 7th degree criminal possession of a controlled substance was "6 months."  (Docket Entry #13, p. 22.)  Since New York sentenced Petitioner to a total of nine months, and the nine months following November 10, 2003, contained 274 days, rather than 270 days (as calculated by Petitioner), this Court concludes that the BOP has given Petitioner all the relief he would have received if this Court had granted relief.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the calculation of his sentence by the BOP on federal grounds, he was in custody in New Jersey at the time he filed the Petition, see Burkey v. Marberry, 556 F.3d 142, 145 (3d Cir. 2009); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005), and he filed his petition in the district of confinement and named the Warden as respondent, see Burkey at 145.  The question here is whether the BOP's recalculation of his sentence to grant him

4

prior custody credit of 1009 days caused this Petition to become moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Burkey, supra.

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. Const. art. III, § 2.  "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In this case, Petitioner challenges his projected release date on the ground that the BOP failed to give him prior custody credit for the time he was incarcerated since his arrest on November 10, 2003, until the imposition of the federal sentence on May 16, 2007, minus the two New York states sentences of three months and six months.  In response to this litigation, the BOP recalculated Petitioner's release date by awarding the prior

custody credit he requested, which the BOP correctly calculated as 1009 days.  When the BOP gave Petitioner the relief he requested in this Petition, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7; see also Burkey at 149 (federal inmate's challenge to BOP determination that he is not eligible for early release became moot when inmate was released from prison because "[t]he possibility that the sentencing court will use its discretion to modify the length of Burkey's term of supervised release . . . is so speculative that any decision on the merits by the District Court would be merely advisory and not in keeping with Article III's restriction of power"); Wilson v. Reilly, 163 Fed. App'x 122 (3d Cir. 2006) (When the Parole Bd. provided habeas petitioner with the relief sought in his § 2241 petition, this rendered his habeas claim moot).  This Court will therefore dismiss the Petition as moot.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.


      **s/ Jerome B. Simandle**
      JEROME B. SIMANDLE, U.S.D.J.


Dated:   **July 14**              , **2011**

6